SULLIVAN, Judge
(concurring in the result):
Appellant was charged with the rape of Airman Christine K in the summer of 1996 at the off-base apartment of Airman B in Biloxi, Mississippi. The victim testified at this court-martial, but appellant did not. His version of what happened that night was contained in oral statements to police investigators, which were evidenced at trial and partially corroborated by the testimony of Airman B. Appellant challenges on appeal, as he did at trial, the military judge’s decision to permit the prosecution to admit opinion testimony from Master Sergeant Green that he (appellant) had a poor character for truthfulness. (R. 303-04) The Government responds that, even though appellant was not a witness at this court-martial (see Mil. R.Evid. 607 and 608(a), Manual for Courts-Martial, United States (1995 ed.) (a witness may be impeached by opinion testimony on poor character for truthfulness)), the challenged impeachment testimony was admissible under Mil.R.Evid. 806.
The particular question before this Court is whether Master Sergeant Green’s testimony concerning appellant’s poor character for truthfulness was admissible under Mil. R.Evid. 806. It states:
Rule 806. Attacking and supporting credibility of declarant
When a hearsay statement, or a statement defined in Mil.R.Evid. 801(d)(2)(C), (D), or (E), has been- admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if [the] de-clarant had testified as a witness.
Since no out-of-court statement by appellant’s representative, agent or servant, or co-conspirator was admitted in this case under Mil.R.Evid. 801(d)(2)(C), (D), or (E), an obvious question remains.[1] Were “hearsay statement[s]” of appellant admitted in this case which would allow the admission of poor character opinion testimony to impeach appellant under Mil.R.Evid. 806?[2]
Turning to the record of trial, I note that the alleged victim testified she awoke in a bed in Airman B’s bedroom, with appellant on top of her. (R. 206-07) She testified that someone grabbed her wrists, and appellant proceeded to engage in sexual intercourse with her despite her verbal protests and physical resistance. (R. 208) She further stated that appellant stopped after a minute, and she attempted to leave the room. Appellant prevented her, but she ultimately succeeded in leaving. (R. 209)
Appellant did not testify in this case, but evidence of his out-of-court statements was admitted which asserted that he engaged in sexual intercourse on a couch in Airman B’s living room with the victim, who he discover *146 ed there half-naked after a night of heavy drinking. He also asserted that she gave him physical encouragement (rubbed his neck) before the sexual intercourse and physical assistance during that sexual intercourse (reinserted his penis in her vagina). (R. 179) Finally, he stated that he later carried the apparently intoxicated woman into Airman B’s bedroom and then went outside and smoked a cigar (R. 184), but he did not directly comment on the victim’s allegation of rape in Airman B’s bedroom.
Hearsay, as defined in the military rules of evidence, is “a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Mil. R.Evid. 801(c). However, it does not include admissions by a party-opponent (ie., criminal defendant) offered against that party. See Mil.R.Evid. 801(d)(2)(A). Here, the Government first evidenced certain oral admissions made by appellant on December 17, 1996, to Special Agent (SA) Phillips, ie., that he engaged in sexual intercourse with the victim on the night in question; he had no verbal consent to do so; her eyes were closed until she told him to stop; and he knew that she previously engaged in heavy drinking. SA Phillips’ testimony was some evidence of an admission of guilt to rape by appellant. See United States v. Grier, 53 MJ 30 (2000) (sexual intercourse with person incapacitated by alcohol may be considered rape). As such, it was not hearsay (Mil.R.Evid. 801(d)), and therefore, arguably not subject to impeachment under Mil.R.Evid. 806. But see note 1, supra.
Nevertheless, the defense adduced additional testimony from SA Phillips concerning appellant’s statement on December 17, 1996. (R. 182-86) He testified on cross-examination that appellant disclosed other details about this incident, ie., appellant said before engaging in sexual intercourse that he kissed the alleged victim for a period of time, and she rubbed his neck. The defense also adduced testimony that appellant said he forthrightly confronted the confused complainant outside the apartment after the incident and asked her if she recalled engaging in sexual intercourse with him, and that she physically assisted during the sexual act. (R. 187)
In my view, the defense was affirmatively using the evidence of appellant’s out-of-court statements to SA Phillips for the truth of the matters asserted in those statements. See Mil.R.Evid. 801(c). The military judge reached the same conclusion. (R. 304) Defense counsel also expressly made this point in his closing argument:
The bottom line as you look at the evidence in a number of different ways, and the Government says that this is the road that you’ve got to follow, this is what all the evidence shows, there’s another road, and perhaps a road a little bit less traveled, that goes off of that, and that’s a road you’ve got to go down to look at all the evidence and say, “Well, we’ve got some doubts here.” Go down that road with all those doubts. Because the bottom line, members, is what happened that evening, yes, was unfortunate. It was very unfortunate. And you have a case here where you have two people realistically who really believe what happened. Airman Knox isn’t up here lying to you. She’s telling you things as best as she can remember, as best as she can piece them together. But Airman Goldiuire, and his statements to Airman Phillips, to the OSI, likewise is telling you he thought he had consent, and for this 19-year-old airman it was reasonable. Thank you.
(R. 387)(emphasis added).
In view of appellant’s affirmative use of the out-of-court statement for hearsay purposes, I conclude impeachment by evidence of his poor character for trustworthiness was admissible under Mil.R.Evid. 806. See United States v. Bovain, 708 F.2d 606, 613 (11th Cir.1983); see generally Cordray, note 2, supra at 543-46, 553.
In closing, I must note my disagreement with the majority’s discussion and use of Mil.R.Evid. 106 and the common law doctrine of completeness to decide this case. Mil. R.Evid. 106 extends only to a “writing or recorded statement,” whereas appellant’s ease concerns a verbal statement. Moreover, Mil.R.Evid. 101(b)(2) provides that “[i]f not *147 otherwise prescribed in [the] Manual," the rules of evidence at common law may be applicable. As noted below, a particular military rule of evidence covers appellant’s case.
Admittedly, appellant did argue to the military judge that he was entitled to question SA Phillips on the remaining portions of his December statement to avoid misleading the members that it only contained admissions helpful to the Government. (R. 186) However, he used this evidence to exculpate himself based on the truth of the facts asserted in those portions of the statement. It is the use of these statements for this purpose which exceeds the scope of the common law doctrine of completeness. See United States v. Collicott, 92 F.3d 973, 982-83 (9th Cir.1996) (remaining exculpatory portions of statement containing admissions previously evidenced by Government are inadmissible hearsay, even if permitted under Fed.R.Evid. 106); see generally 7 Wigmore, Evidence § 2113 at 659-60 (Chadbourn rev.1978).
I believe Mil.R.Evid. 304(h)(2) is the applicable rule for those portions of his statement used to exculpate himself, not Mil.R.Evid. 106 or the common law rule of completeness. It broadly states: “Completeness. If only part of an alleged admission or confession is introduced against the accused, the defense, by cross-examination or otherwise, may introduce the remaining portions of the statement.” It does not have the limitations of the common law rule of completeness. See Wigmore, supra, and United States v. Velasco, 953 F.2d 1467, 1476 n. 9 (7th Cir.1992) (evidence of remaining portion of statement not per se admissible under Fed.R.Evid. 106 unless relevant and necessary to explain portions of statement previously admitted).
I would hold that admission of appellant’s statements under Mil.R.Evid. 304(h)(2) permits the introduction of impeaching evidence under Mil.R.Evid. 806. These statements were subsequently used by the defense for the truth of the matter asserted in them so as to exculpate appellant. Accordingly, they were hearsay, and their impeachment was authorized by Mil.R.Evid. 806. See Cordray, note 2, supra at 516-17; see also United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).

. Several Courts of Appeals have also held that Fed.R.Evid. 806 permits the impeachment of an accused whose out-of-court statement is introduced by the Government as admissions of a party-opponent under Fed.R.Evid. 801(d)(2)(A) or (B). These statements are not technically hearsay, nor otherwise expressly permitted to be impeached under this rule. See United States v. Shay, 57 F.3d 126, 131-32 (1st Cir.1995); United States v. Velasco, 953 F.2d 1467, 1473 n. 5 (7th Cir.1992). We need not decide this question today.

. This rule has been severely criticized because, on its face, it allows the prosecution to place an accused's credibility in issue by introducing hearsay statements favoring an accused. See Margaret M. Cordray, Evidence Rule 806 and the Problem of Impeaching the Nontestifying Declarant, 56 Ohio St. L.J. 495, 501-02, 512-18, 542-46 (1995).